[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
Defendant Aetna Life Casualty moves for summary judgment claiming that it is entitled to judgment for two reasons. First, Aetna argues that the causes of action alleged in the three counts of plaintiff Charles C. Gianetti's complaint are preempted by the Employment Retirement Income Security Act of 1974,29 U.S.C. § 1001-4402 (ERISA). Second, Aetna argues that the allegations of the third count are insufficient to support a violation of the Connecticut Unfair Trade Practices Act, General Statutes §§ 42-110a to 42-110g. Because this court concludes that the cause of action in the first count is not preempted by ERISA, the motion for summary judgment is denied.
For purposes of this motion, the court will assume ERISA applies. The pro se plaintiff does not argue to the contrary. "ERISA is a comprehensive regulation of employee and welfare and pension benefit plans. . . ." Napoletano v. Cigna Healthcare ofConnecticut. Inc., 238 Conn. 216, 233, 680 A.2d 127 (1996). ERISA supersedes "any and all State laws insofar as they may . . . relate to any employee benefit plan. . . ." U.S.C. § 1144(a). CT Page 9500 Thus, state law claims that "burden" an ERISA plan are preempted.Napoletano v. CIGNA Healthcare of Connecticut, Inc., supra,238 Conn. 240. The claims set forth in the second and third count appear to fall within the ERISA preemption clause. The first count does not.
In the first count, the pro se plaintiff basically alleges the following. The plaintiff is a licensed physician. He performed medical and surgical services for Richard Kearney, who has the right under an employee benefit plan to receive from the defendant, Aetna, an amount equal to the reasonable and customary fee for certain medical services. Richard Kearney assigned his right to receive his benefits to the plaintiff. The plaintiff sent his bill and the assignment to the defendant. The plaintiff received from the defendant an amount that was less than the customary and reasonable fee for his services. The plaintiff claims that he has been harmed by the defendant's error and seeks damages.
The plaintiff, as assignee of Richard Kearney, is seeking to recover benefits that are allegedly due Richard Kearney under a benefit plan. ERISA specifically provides that "A civil action may be brought (1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan. . . ." 29 U.S.C. § 1132
(a). State courts and District Courts of the United States have concurrent jurisdiction of such actions. 29 U.S.C. § 1132(e). The plaintiff is a beneficiary of the plan pursuant to the assignment of rights executed by Richard Kearney. See Variety Children's Hosp. v. Blue Cross/Blue Shield,942 F. Sup. 562 (S. D. Fla. 1996). Since the civil enforcement provision of ERISA authorizes a plan participant to bring the type of claim that is alleged in the first count, the claim is not preempted by ERISA.
The parties have not yet focused on the issue to be resolved at trial. The terms of the benefit plan are not presently before the court. In the first special defense, the defendant alleges that the amount it paid to the plaintiff represents "the reasonable value of medical services rendered to the insured as reflected in the procedure codes provided by the plaintiff's invoices." The defendant further alleges that "payment of said amount constitutes full satisfaction of any and all claims against the defendant and the defendant is not responsible for expenses over the defendant's prevailing fees." Apparently CT Page 9501 Richard Kearney's benefit plan requires the defendant to pay a fair and reasonable fee for specified medical services. If so, the issue to be resolved at trial is whether the amount paid by the defendant was a fair and reasonable fee. In effect, the court must review the plan administrator's decision. Whether the review should be de novo or based upon some other standard will depend on the terms of the plan and applicable federal law. Some courts, in construing the terms of specific ERISA plans, have held that a plan administrator's denial of benefits can be set aside only when the administrator has acted arbitrarily and capriciously. See, e.g., Hemphill v. Unisys Corp. , 855 F. Sup. 1225, 1235 (D. Utah 1994). While the propriety of the plan administrator's conduct may be encompassed in the special defense, it has not been addressed in the motion for summary judgment.
The motion for summary judgment is denied.
THIM, JUDGE.